John P. McCormick, Esq. (SBN 38064)
Konrad M. Rasmussen, Esq. (SBN 157030)
Nicole Barvie, Esq. (SBN 282352)
McCORMICK, MITCHELL & RASMUSSEN
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel:  (619) 235-8444
Fax:  (619) 294-8447

Attorneys for Defendants CITY OF EL CENTRO, JAMES THOMPSON, CORY GUSTAFSON & RICHARD LOPEZ

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNE SAMPSON, individually and as duly appointed Administrator and Personal Representative of the Estate of CHARLES SAMPSON, SR.; JA'NEY SAMPSON, an individual; and CHARLES SAMPSON, JR., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF EL CENTRO; JAMES THOMPSON; EL CENTRO POLICE DEPARTMENT, by and through its Police Chief, JAMES McGINLEY; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 14 CV 1807 L DHB <br><br> **RICHARD LOPEZ' ANSWER TO FIRST AMENDED COMPLAINT** <br><br> Judge: Hon. M. James Lorenz <br><br> Action Filed:  July 31, 2014 |

COMES NOW Defendant RICHARD LOPEZ ("Lopez") by and through his counsel of record, and answers Plaintiffs' First Amended Complaint ("FAC") on file herein, denying, and alleging as follows.

The First Amended Complaint fails to comply with Federal Rules of Civil Procedure, Rule 10(b), because the First Amended Complaint does not number the paragraphs therein. As such, in response to Plaintiffs' First Amended Complaint, Defendant denies generally and specifically each, all and every allegation contained in Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense, Defendant asserts the First Amended Complaint, and every purported cause of action in the First Amended Complaint, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a Second Affirmative Defense, Defendant asserts that Plaintiffs have failed to allege or establish the violation of any clearly established constitutional rights of Plaintiffs or Plaintiffs' decedent and therefore Plaintiffs fail to state a cause of action against this answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

As a Third Affirmative Defense, Defendant asserts that Plaintiffs have failed to allege or establish any deprivation of a constitutionally protected liberty interest of Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

As a Fourth Affirmative Defense, Defendant asserts that Plaintiffs have waived any and all claims they may have had against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

As a Fifth Affirmative Defense, Defendant asserts that Plaintiffs' claims are barred by the statue of limitations.

## SIXTH AFFIRMATIVE DEFENSE

As a Sixth Affirmative Defense, Defendant asserts that Plaintiffs' claims are barred by the Doctrine of Qualified Governmental Immunity.

## SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Affirmative Defense, Defendant asserts that Plaintiffs' claims are barred by California Government Code §820.2 which provides immunity for discretionary acts of public employees.

## EIGHTH AFFIRMATIVE DEFENSE

As an Eighth Affirmative Defense, Defendant asserts that Plaintiffs' claims are barred by California Government Code §815.2(b) which bars liability against a public entity where the employee is immune from liability.

## NINTH AFFIRMATIVE DEFENSE

As a Ninth Affirmative Defense, Defendant asserts any injuries sustained by Plaintiffs and/or Plaintiff's decedent was not caused by Defendant City or its agents, servants or employees but was caused solely or partially by the failure of Plaintiffs' decedent to exercise ordinary care on his own behalf.

///

## TENTH AFFIRMATIVE DEFENSE

As a Tenth Affirmative Defense, Defendant asserts that the injuries and damages alleged by Plaintiffs were not proximately caused by negligent or wrongful acts or omissions on the part of the employee or agent of the City.

## ELEVENTH AFFIRMATIVE DEFENSE

As the Eleventh Affirmative Defense, Defendant asserts that Plaintiffs, and each of them, lack standing to bring all or some of the claims sought to be alleged in the First Amended Complaint herein.

## TWELFTH AFFIRMATIVE DEFENSE

As a Twelfth Affirmative Defense, Defendant alleges that if he is held liable for damages to Plaintiffs or any other party in any amount that Defendant is only severally liable in an amount equal to the apportioned share of liability for any damages suffered by Plaintiffs or any other party. The fault, if any, of Defendant should be compared with the fault of other Defendants or third parties and damages, if any, should be apportioned among the Defendants or other parties in direct relation to each Defendant's or party's comparative fault. Defendant should be obligated to pay only such damages, if any, which are directly attributable to his percentage of comparative fault. To require Defendant to pay any more than his percentage of comparative fault violates equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of California.

///

## THIRTEENTH AFFIRMATIVE DEFENSE

As the Thirteenth Affirmative Defense, to the extent the First Amended Complaint here seeks punitive damages, it violates the Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and it further violates this answering Defendant's right to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution an in Article 1, Section XVII of the Constitution of the State of California. It further violates this answering Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

## FOURTEENTH AFFIRMATIVE DEFENSE

As the Fourteenth Affirmative Defense, Defendant assert that each and every purported cause of action sought to be alleged in the First Amended Complaint is barred in whole or in part by the failure to comply with applicable claim submission requirements, including but not limited to those set forth in Government Code §905, §910, §911.2, §913, §915.2, §935, §945.4 and §945.6.

## FIFTEENTH AFFIRMATIVE DEFENSE

As the Fifteenth Affirmative Defense, this answering Defendant is informed and believes, and thereon alleges, that certain additional affirmative defenses are available to him. Said affirmative defenses will require additional discovery or investigation before they can be properly alleged.  This answering Defendant will move to amend his

Answer to the First Amended Complaint to allege such affirmative defenses once they have been fully ascertained and can be properly pleaded. Such affirmative defenses are not being brought at this time for such reasons.

**WHEREFORE**, Defendant pray for judgment as follows:

(1) That Plaintiffs take nothing by way of their First Amended Complaint;

(2) For costs of suit;

(3) For attorney's fees and other expenses;

(4) For such other and further relief as the Court deems just and proper.

McCORMICK, MITCHELL & RASMUSSEN

/s/ Nicole Barvie

DATE: June 9, 2015

_____

John P. McCormick, Esq.
Konrad M. Rasmussen, Esq.
Nicole Barvie, Esq.
Attorneys for Defendants
CITY OF EL CENTRO, JAMES THOMPSON, CORY GUSTAFSON & RICHARD LOPEZ