John P. McCormick, Esq. (SBN 38064)
Konrad M. Rasmussen, Esq. (SBN 157030)
Nicole V. Barvie, Esq. (SBN 282352)
McCORMICK, MITCHELL & RASMUSSEN
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel: (619) 235-8444
Fax: (619) 294-8447

Attorneys for Defendants CITY OF EL CENTRO, JAMES THOMPSON, CORY GUSTAFSON, RICHARD LOPEZ and ASCENCION FELIX

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNE SAMPSON, individually and as duly appointed Administrator and Personal Representative of the Estate of CHARLES SAMPSON, SR.; JA'NEY SAMPSON, an individual; and CHARLES SAMPSON, JR., an individual,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF EL CENTRO; JAMES THOMPSON; EL CENTRO POLICE DEPARTMENT, by and through its Police Chief, JAMES McGINLEY; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: 14 CV 1807 L DHB<br><br>**DECLARATION OF KONRAD M. RASMUSSEN RE MEET AND CONFER EFFORTS PRIOR TO FILING DEFENDANTS' MOTIONS IN LIMINE**<br><br>Motions in Limine Nos. 1 through 7<br><br>Trial: January 18, 2017<br>Dept: Courtroom 5B<br>Hon. M. James Lorenz |

I, Konrad M. Rasmussen, hereby declare as follows:

1. If called as a witness in the above-captioned matter, I am competent to and would testify to the following facts of which I have personal knowledge.

2. I am an attorney at law, admitted to practice before the United States District Court, Southern District of California and am a member of the law firm of McCormick, Mitchell & Rasmussen, which serves as counsel of record herein for Defendants City of El Centro, James Thompson, Cory Gustafson, Richard Lopez and Ascencion Felix.

3. On November 22, 2016, counsel met and conferred regarding

Defendants' proposed seven motions in limine. The parties were unable to come to an agreement regarding the scope of any of the motions.

4. With respect to motion in limine number one to preclude the solicitation of opinion evidence from non-designated expert witnesses, it is my understanding that Plaintiffs are considering this motion but believe some opinion evidence from lay witnesses may be admissible.

5. With respect to Defendants' motion in limine number two to bar post incident statements by non-witnessing officers, it is also my understanding that Plaintiffs are considering this motion but believe that certain opinions and conclusions formed by law enforcement personnel who investigated or reviewed the incident may be admissible.

6. With respect to motion in limine number three to exclude the El Centro Police Department's dispatcher policies, it is my understanding Plaintiffs believe these policies are relevant because they have the force of law and show Officer Lopez instructed the dispatcher to violate the department's policy. It is Defendants' position these policies are irrelevant because they do not have the force of law and the dispatchers have not been sued.

7. With respect to Defendants' motion in limine number four to exclude Denise Campbell's cell phone records, I understanding Plaintiffs assert Ms. Campbell can authenticate these records through testimony that she obtained them from the office of her cell phone provider. Defendants disagree as Ms. Campbell did not create the records nor is she their custodian.

8. With respect to motion in limine number five to exclude evidence of delay in notification of the decedent's death, I understanding Plaintiffs assert the dispatcher's statements to the calling family member are relevant to the causes of action for negligent and intentional infliction of emotional distress because they show consciousness of guilt. Defendants disagree on the basis it is the duty of the Coroner or ER physician and not the duty of the dispatcher to notify the family.

9.  With respect to motion in limine number six to exclude photographs or videos of the decedent's funeral, I understanding Plaintiffs are considering this motion but may assert these are relevant to show the nature of the family members' relationship with the decedent. In turn Defendants assert the evidence is irrelevant because no recovery is permitted for grief or sorrow and the evidence is also unduly prejudicial.

10. With respect to Defendants' motion in limine number seven to exclude the YouTube video, I understanding Plaintiffs intend to use the YouTube video in opening statement.  Defendants object to use of the YouTube video or its introduction into evidence due to the argumentative captions, the presentation of the video segments out of context and the inadmissible hearsay nature of several of the segments, including but not limited to statements made by witnesses after the fact.

I declare under penalty of perjury under the laws of the State of California the above is true and correct and that this declaration was executed on the date indicated below at San Diego, California.

Dated:  November 28, 2016

/s/ Konrad M. Rasmussen
Konrad M. Rasmussen, Esq.
Attorneys for Defendants City of El Centro, James Thompson, Cory Gustafson, Richard Lopez and Ascencion Felix