Christopher S. Morris, Esq., SBN 163188
Danielle R. Pena, Esq., SBN 286002
MORRIS LAW FIRM, APC
401 West A Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Plaintiffs LAVERNE SAMPSON, JA'NEY SAMPSON & CHARLES SAMPSON Jr.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNE SAMPSON, individually and as duly appointed Administrator and Personal Representative of the Estate of CHARLES SAMPSON, SR.; JA'NEY SAMPSON, an individual; and CHARLES SAMPSON, JR., an individual,<br><br>Plaintiffs,<br>v.<br>CITY OF EL CENTRO; JAMES THOMPSON; EL CENTRO POLICE DEPARTMENT, by and through its Police Chief, JAMES McGINLEY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 14 CV 1807 L DHB<br><br>**PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS** |

Plaintiffs Laverne Sampson, individually and as duly appointed Administrator and Personal Representative of the Estate of Charles Sampson, Sr., Ja'Ney Sampson, and Charles Sampson, Jr. and Defendants City of El Centro, James Thompson, Cory Gustafson, Richard Lopez, and Ascencion Felix through their counsel of record, hereby submit the following proposed voir dire questions to the Court.

/ / /

/ / /

/ / /

## VOIR DIRE FOR COURT

1. Personal history and background introduction this case involves certain issues that based on your personal history may not make you a good fit for this trial.

 a. The Constitutional Rights of those detained by the police;

 b. Drug addiction, both prescription and street drugs;

 c. Possible bias based on criminal history of drug use;

 d. Possible bias based on race and how police interact with members of certain racial groups

The lawyers will try to explore some of these issues with you. But before they do, I want to ask each of you the following questions:

2. **DRUG ADDICTION AND DRUG USE.** The decedent in this case, Charles Sampson, was addicted to methamphetamines. Even if it is shown that his rights were violated some of you may have such strong feelings and opinions about drug use that even if it can be shown that his rights were violated you could not under any circumstances award damages in this case. Would the fact that the decedent was addicted to drugs impede your ability to render a verdict in his favor?

3. **CONSTITUTIONAL RIGHTS.** The law makes it clear that even persons detained by the police have certain constitutional rights, including a right to reasonable medical care. Some of you may feel that a person being detained by the police has no right to medical care. Can you all follow the law that declares that persons being detained by the police have a right to medical attention?

4. The law also makes it clear that a detainee is entitled to reasonable medical attention no matter the circumstances – that the right to medical care exists regardless if the condition was self-induced. Can everyone follow the law as it pertains to reasonable medical care even if it is shown that the life threatening condition in this case was self-induced?

/ / /

/ / /

5. **RACE.** In this case you will be introduced to the Sampson family. They are African American. There is somewhat of a national debate in this country about how the police interact with members of the African American community. Most of you probably have an opinion on this issue. Can each of you set aside any potential feelings you may have on the ongoing debate and decide this case solely on the facts put before you?

6. Do each of you believe that a detainee's right to reasonable medical care is the same regardless of race or socio economic condition?

7. **PUBLIC ENTITY.** In this case at the end of this trial, if you find that the decedent's right to adequate health care while being detained was violated, you will be asked to award damages against the City of El Centro, a public entity. How do you feel about making an award against a public entity?

Respectfully submitted,

MORRIS LAW FIRM, APC

Dated: January 3, 2017        s/ *Christopher S. Morris*

_____
Christopher S. Morris, Esq.
Attorneys for Plaintiffs Laverne Sampson,
Ja'ney Sampson and Charles Sampson, Jr